UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Sherrill L. White

   v.                                Civil No. 08-cv-206-JL

Mark L. Sisti

**O R D E R**

Proceeding pro se and in forma pauperis, plaintiff Sherrill L. White has filed an amended complaint against defendant Mark L. Sisti, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332 and alleging state law claims of legal malpractice (document no. 5).  The amended complaint is before me for preliminary review to determine, among other things, whether plaintiff has properly invoked the subject matter jurisdiction of this court.  See United States District Court of the District of New Hampshire Local Rules ("LR") 4.3(d)(1)(B)(I).  For the reasons stated below, I order the complaint served on the defendant.[1]

---

[1] My report and recommendation of October 9, 2008 is withdrawn, in part, to the extent it recommended dismissal of plaintiff's complaint without prejudice for failure to establish diversity jurisdiction.

**Standard of Review**

In reviewing a pro se complaint, this court must construe the pleading liberally.  See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and construing pro se pleadings liberally in favor of that party).  At this preliminary stage of review, all factual assertions made by plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all well-pleaded factual averments, not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

**Background**

Plaintiff is a resident of Massachusetts.  Defendant is an attorney and a resident of New Hampshire.  This action arises out of defendant's alleged ineffective representation of plaintiff during the course of her state court criminal proceedings in the State of Vermont.  Plaintiff allegedly retained defendant and agreed to pay him the sum of $3000.00 for legal services, and to date has paid him $2000.00.  Plaintiff alleges that as a result

of defendant's ineffective representation, she sustained a loss of employment and a loss of future earnings in the amount of $1,000,000.00 (based on an average annual salary of $55,000.00 over a projected twenty-year period).  Plaintiff further alleges that as a result of defendant's ineffective representation, she sustained a loss of her 401K account in the amount of $31,000.00.  Lastly, she alleges that she lost her home, which had an appraised value in excess of $130,000.00.  Because of the losses plaintiff sustained, her children allegedly required mental health counseling.  Plaintiff maintains that the aforementioned losses exceed the amount of $75,000.00.  She now brings the instant amended complaint, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332 and alleging a state law legal malpractice claim against Sisti.

**Discussion**

I.   Subject Matter Jurisdiction

A party seeking relief in district court must at least plead facts which bring the suit within the court's jurisdiction.  See Fed. R. Civ. P. 8(a)(1)(requiring a plaintiff to set forth in the complaint "a short and plain statement of the grounds for the court's jurisdiction. . .").  The subject matter of the federal

courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available only when a federal question is presented or when the parties are of diverse citizenship.  Id.

A federal question exists where the plaintiff has alleged a colorable federal claim.  See 28 U.S.C. § 1331 (providing for original jurisdiction in the federal district courts for claims arising under federal law).  See also BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824, 832 (1st Cir. 1997).  Here, in her amended complaint plaintiff has failed to allege a federal question or assert any facts from which federal question jurisdiction can be inferred.  See 28 U.S.C. § 1331.

Instead, plaintiff invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332 and alleges a state law claim for legal malpractice.  To establish diversity jurisdiction, a complaint must allege complete diversity of citizenship between plaintiff and defendants as well as an amount in controversy in excess of $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332.  See also Straughn v. Delta Air Lines, Inc., 170 F. Supp. 2d 133, 146 (D.N.H. 2000)(citations omitted).  "Diversity jurisdiction

exists only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005).

Here, plaintiff alleges that she is a resident of Massachusetts and that defendant is a resident of New Hampshire. Accordingly, she has alleged diversity of citizenship between the parties.  Plaintiff also alleges an amount in controversy in excess of $75,000, therefore, the amount in controversy exceeds the minimum required for diversity jurisdiction.  I therefore conclude that she has pled diversity jurisdiction under 28 U.S.C. § 1332.

## Conclusion

For the reasons stated above and without commenting on the merits of the claims, I conclude that plaintiff has invoked this court's subject matter jurisdiction.  Accordingly, I order the complaint to be served on the defendant.   See LR 4.3(d)(1)(B)(iii).

As plaintiff has completed a summons form for the defendant, the Clerk's Office shall issue the summons against him and forward to the United States Marshal for the District of New Hampshire ("U.S. Marshal's Office") the summons and copies of the

amended complaint (document no. 5) and this order.  Upon receipt of the necessary documentation, the U.S. Marshal's Office shall effect service upon the defendant.  See id.; Fed. R. Civ. P. 4(c)(3).

Defendant is instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A)(i)

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendant by delivering or mailing the materials to him or his attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: November 21, 2008
cc:   Sherrill L. White, pro se