UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Sherrill L. White

      v.                              Civil No. 08-cv-206-JL

Mark L. Sisti, Esq.

**O R D E R**

The defendant has filed a motion for judgment on the pleadings in this legal malpractice case.  See Fed. R. Civ. P. 12(c).  He argues that the claim against him is barred as a matter of law because the plaintiff, Sherrill White, has not pleaded that the criminal conviction forming the basis for this claim has not been overturned or vacated (and because, as a matter of objective fact, it has not).  For the following reasons, the defendant's motion is granted.

Under New Hampshire law,[1] "a civil malpractice action requires proof of (1) an attorney-client relationship, which triggers a duty on the attorney to exercise reasonable professional care, skill, and knowledge in providing legal services to that client, (2) a breach of that duty, and (3) resultant harm legally caused by the breach."  Mahoney v.

---

[1] The parties have stipulated that New Hampshire law applies in this case.  See Joint Discovery Plan (document no. 17).

Shaheen, Cappiello, Stein & Gordon, P.A., 143 N.H. 491, 495-96 (1999).  "Public policy, however, dictates an augmented standard in criminal malpractice actions."  Id. at 496.  "As a matter of law, the gateway to damages will remain closed unless a claimant can establish that he or she is, in fact, innocent of the conduct underlying the criminal charge."  Id.  Thus, "post-conviction relief is also required as an element of criminal legal malpractice."  Therrien v. Sullivan, 153 N.H. 211, 214 (2006) (emphasis added).

    Here, White cannot maintain her claim against the defendant because she has failed to establish the fourth element of her prima facie case; there is no evidence that she obtained, or even sought, post-conviction relief.  "[A]s long as a valid criminal conviction is in place, a legal malpractice cause of action based on a defense counsel's ineffective assistance resulting in that conviction cannot withstand a motion to dismiss."  Id. at 216.  The court, therefore, grants the defendant's motion.[2]  All other

---

[2] (Document no. 21).

motions are DENIED AS MOOT.[3]  The clerk is ordered to enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:     June 23, 2009

cc:        Sherrill L. White, pro se
           Christopher D. Hawkins, Esq.

---

[3]  The plaintiff has filed a "motion for dismissal without prejudice" (document no. 27), premised on the suggestion that the court, on June 9, 2009, granted her 10 days to decide whether she wished to dismiss the case "with or without prejudice." This, in fact, misconstrues the court's statement. What the court informed the parties on June 9 was that it intended to rule on the defendant's motion for judgment on the pleadings on June 19 if the parties had not notified the court by that date that the case had been settled. The court's reference to a dismissal "with or without prejudice" was simply one of many factors the court listed as open for discussion between the parties. As the case has not been settled, the court has ruled on the motion for judgment on the pleadings.